**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOSEPH LOWELL MCELYEA, JR., | No. 09-15429 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-00885-SMM |
| v. | |
| ATTORNEY GENERAL FOR THE STATE OF ARIZONA and CHARLES L. RYAN, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, Senior District Judge, Presiding

Submitted October 25, 2011[**]
San Francisco, California

Before: GRABER and IKUTA, Circuit Judges, and QUIST,[***] Senior District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Gordon J. Quist, Senior District Judge for the U.S. District Court for Western Michigan, sitting by designation.

The Arizona state court did not unreasonably apply clearly established Supreme Court law when it rejected Joseph Lowell McElyea's claim that he received ineffective assistance of counsel. 28 U.S.C. § 2254(d)(1); *see Strickland v. Washington*, 466 U.S. 668 (1984). Because there is no support in the record that McElyea's counsel knew or had reason to know of the arresting officers' alleged misconduct, the state court could reasonably determine that McElyea's counsel did not perform deficiently by failing to challenge the admissibility of McElyea's confession. *See Bobby v. Van Hook*, 130 S. Ct. 13, 19 (2009) (per curiam). Further, even if counsel's performance had been deficient, McElyea suffered no prejudice, given that he independently testified to the contents of his post-arrest statements at trial. *See Strickland*, 466 U.S. at 694.

The district court did not err by declining to conduct an evidentiary hearing because, even assuming McElyea made reasonable efforts to investigate and pursue his claims in state court, 28 U.S.C. § 2254(e)(2), he has not alleged specific facts which, if true, would entitle him to relief. *See West v. Ryan*, 608 F.3d 477, 485 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 1473 (2011).

Finally, the district court did not err in declining to hear McElyea's untimely objections to the magistrate judge's report and recommendation because McElyea neither presented sufficient evidence to overcome Rule 5(b)'s presumption of

service, Fed. R. Civ. P. 5(b)(2)(C), nor claimed that the district court's failure to consider his general, untimely objection constituted a denial of a constitutional right, *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999) (per curiam).

AFFIRMED.